UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD CHARLES JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INDIANA DEPARTMENT OF CHILD )<br>SERVICES, et al., )<br>)<br>)<br>Defendants. ) | CAUSE NO. 2:25-CV-327-PPS-JEM |

# **OPINION AND ORDER**

Representing himself, Edward Charles Johnson brought this civil complaint raising both federal and state law claims against the State of Indiana and the Indiana Department of Child Services (the State Defendants) and Cordant Health Solutions, a private healthcare company. The State Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6) [DE 25], while Cordant moves for dismissal of the complaint only under Rule 12(b)(6). [DE 27.]

In summary, Johnson's federal claims fail for multiple reasons: (1) the statute of limitations bars his federal claims against the State Defendants and Cordant; (2) the Eleventh Amendment bars the federal claims against the State Defendants; and (3) Cordant is not a state actor. Therefore, the federal claims will be dismissed with prejudice. With all federal claims being dismissed, and given the early stages of this litigation, I will relinquish supplemental jurisdiction over the remaining state law claims, but those claims will be dismissed without prejudice.

**Background**

Johnson filed this case on July 21, 2025. [DE 1.] In response, the State Defendants and Cordant filed motions to dismiss. [DE 17, 19.] Johnson then filed an amended complaint which is the operative one for present purposes. [DE 23.]

The facts as set out in the amended complaint are both fairly sparse and a little difficult to decipher. But generally speaking, Johnson claims his son "was in the full custody of the Indiana Department of Child Services, between August 13, 2018 and October, 2019, on or about these dates." [DE 23 at 4.] Johnson claims his son suffered lead exposure when he was in the custody of DCS, between August 13, 2018 and October 2019. *Id.* He claims DCS knew about the danger of lead poisoning, but still let his child be exposed to it, resulting in poisoning. *Id.* Johnson claims this resulted in suffering for his child, and he will have future medical problems, as well as physical and mental issues , and loss of income potential. [*Id.* at 5.]

Starting on a new page in the complaint, Johnson goes on to make additional allegations (based on a different point in time): on December 5, 2022, his child was in the custody of Indiana DCS and in the care of foster parents. [*Id.* at 7.] Johnson claims his son's foster mother took his child to the emergency room at Indiana University Health, and they "made defamatory/defamation statements against me and my child." *Id.* He claims DCS breached a duty to him because it failed to provide safe parents for his child and his child's right to due process was violated. [*Id.* at 7-8.] Johnson claims he and his child will continue to suffer mentally, bodily harm, medical expenses, and loss

2

of income. [*Id.* at 10.]

Continuing on another new page in the complaint, Johnson alleges Cordant collected a court ordered "hair follicle specim[e]n" from his child on December 21, 2022. [*Id.* at 11.] A few days later, on January 4, 2023, Cordant "reported a false positive specimen result." *Id.* As a result, Johnson claims his son had to remain in the custody of DCS. [*Id.* at 11-12.] Johnson claims he has suffered mental anguish and emotional distress as a result of the inaccurate test results. [*Id.* at 12.]

Keeping the same pattern going, Johnson starts another new page in the complaint, this time alleging on January 18, 2023, he was ordered to appear in court. [*Id.* at 14.] Stephanie Bloyd was the DCS case worker on this case, and she allegedly withheld his child's drug testing result during the court proceeding. *Id.* Johnson claims the result was favorable to him, and her failure to disclose it prolonged his child's stay with DCS in an unsafe foster home. [*Id.* at 14-17.]

On the next new page of the complaint, Johnson alleges on about February 27, 2023, he was ordered to appear in court. [*Id.* at 19.] Johnson claims DCS failed "to be truthful and honest" in the court proceeding, in an attempt to lead him in the wrong direction. [*Id.* at 20.] Johnson also alleges DCS improperly referred to Cordant Health Solutions as "Redwood." [*Id.* at 22.]

Then, going back in time, the amended complaint alleges that on December 2, 2022, Johnson was ordered to appear in court for a motion for approval of a trial home visit. [*Id.* at 23.] Johnson alleges DCS conspired with the foster parent to stop the trial

3

home visit from getting approved. *Id.*

Finally, Johnson generally claims DCS owed his child a duty to ensure his protection and failed to uphold this duty. [*Id.* at 26-28.]

The pro se complaint was originally filed in this case on July 21, 2025. [DE 1.] The amended complaint was filed on October 8, 2025. [DE 23.] It purports to bring the claims identified above as violations under 42 U.S.C. § 1983, 1985, and violation of the 14th Amendment. [*Id.* at 25.] Also, it is a little unclear, but Johnson may be trying to bring state claims against the State Defendants under theories such as intentional infliction of emotional distress, negligence, or breach of duty, and claims against Cordant for negligence. [*Id.* at 8, 11-13, 26-27.] Johnson indicates he is the plaintiff, and he does not purport to bring any claims on behalf of his son. Johnson seeks $18,500,000 in damages. [DE 23 at 3.] Finally, the civil cover sheet indicates the basis of jurisdiction is federal question. [DE 23-1.] Johnson alleges he is a resident of Indiana, and Defendants Department of Child Services, Cordant, and the State of Indiana also all have Indiana addresses. [DE 23 at 1.]

The State Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6); and Defendant Cordant filed a motion to dismiss under Rule 12(b)(6). [DE 25, 27.] Johnson filed multiple responses [DE 30, 31, 38, 39, 40], and then Defendants filed replies [DE 41, 42]. While the briefing should have come to a natural conclusion at this point, Johnson continued to file additional memoranda that he entitled "reply" to the motions (without first requesting leave to file). [DE 43, 44, 47.]

4

**Discussion**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. Plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), I must use the same "plausibility" standard; therefore, I must accept alleged factual matters as true and draw all reasonable inferences in favor of Plaintiff. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Plaintiffs bear the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

I am aware of the Supreme Court's admonition that a document "filed *pro se* is to

be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted).  But while courts must give liberal construction to a *pro se* plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

I. **Federal Claims Against the State Defendants**

    A. **Eleventh Amendment Immunity**

The State Defendants argue the Eleventh Amendment bars suit against them for the federal claims.  "The Eleventh Amendment bars private litigants' suits against nonconsenting states . . . with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Bd. of Regents of University of Wisconsin Sys*, 432 F.3d 746, 748 (7th Cir. 2005).  Absent a state's consent, a valid Congressional override, or waiver, the Eleventh Amendment "prohibits a suit…'in which the State or one of its agencies or departments is named as the defendant.'"  *Moore v. State of Indiana*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  Section 1983 does not "override the traditional sovereign immunity of the States."  *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  The state and arms of the state, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under Section 1983 in either federal or state court.  *Howlett v. Rose*, 496 U.S. 356, 365

(1990).

As DCS is a state agency, it cannot be sued because Indiana has not waived its sovereign immunity in this context. That point is proven by *Sanders v. Indiana Department of Child Services*, 806 F. App'x 478 (7th Cir. 2020), where the plaintiff brought a complaint against DCS which the court construed to be brought under § 1983 for alleged violations of the plaintiff's Fourteenth Amendment right to familial integrity. The District Court granted defendant DCS's motion to dismiss with prejudice, and the Seventh Circuit affirmed. The court found, "consistent with the principle of avoiding unnecessary constitutional decisionmaking," the plaintiff's claims were barred because he was "seeking damages against the Department, which is not a suable 'person' within the meaning of § 1983." *Id.* at 480, citing *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *see also Hetherington v. Dep't of Child Servs.*, No. 2:11-CV-62 RLM, 2012 WL 523712, at *3-4 (N.D. Ind. Feb. 14, 2012) (same).

In short, Congress did not abrogate the States' Eleventh Amendment immunity when it enacted Section 1983, and Indiana has not waived its Eleventh Amendment immunity. *Moore*, 999 F.2d at 1128-1129; *see* Ind. Code § 34-13-4-3. Further, neither the State nor DCS has consented to jurisdiction through waiver, either expressly or impliedly, of their immunity in this litigation.

In response, Johnson claims immunity does not apply if a state official violates a clearly established right, such as the right to due process. [DE 30 at 2.] Here, Johnson has sued Indiana DCS and the State of Indiana. He has not sued any specific state

7

officials as defendants. His response seems to be alluding to the doctrine of qualified immunity, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). This is inapplicable to the facts of this case, where Johnson did not name any government officials.

This request for dismissal based on immunity grounds is governed by Rule 12(b)(1), "which authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts." *Hetherington*, 2012 WL 523712, at *3. Accordingly, Plaintiff's federal claims against the State of Indiana and DCS are properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. Statute of Limitations

There's another problem with Mr. Johnson's complaint against the State Defendants, in addition to Eleventh Amendment immunity. It is clear from the four corners of the amended complaint that his claims under section 1983 and 1985 are time barred by the applicable statute two year statute of limitations.

Claims under §§ 1983, 1985(2), and 1985(3) are subject to the forum state's limitation period for personal injury actions. *Mann v. Arnos*, 186 N.E.3d 105, 115–16 (Ind. Ct. App. 2022). Under Indiana Code § 34-11-2-4, that period is two years from the date of accrual. While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. *Behavioral Institute of Indiana,*

8

*LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005), citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993).  A claim accrues for § 1983 purposes "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Id.* "The Seventh Circuit Court of Appeals has recognized that a motion to dismiss based on the statute of limitations defense qualifies as a motion to dismiss for failure to state a claim." *James v. Mace*, No. 3:22-cv-1012-TLS-MGG, 2023 WL 8618496, at *2 (N.D. Ind. Dec. 12, 2023).  Further, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009).

Here, the incidents named in Plaintiff's complaint occurred well outside the applicable statute of limitations.  Plaintiff's allegations concern events in 2018 and 2019, an incident in December of 2022, and occurrences in January and February 2023.  In other words, the latest event alleged was in February 2023.  None of the allegations in the amended complaint took place within two years of July 21, 2025, the date Plaintiff filed his original complaint.  Therefore, all of Plaintiff's claims fall well outside the two-year statute of limitations and should be dismissed pursuant to the statute of limitations.

In his response, Johnson claims Indiana Code § 34-11-2-4 establishes a special rule for minors and the two year limitation period does not begin to run until the child turns 18, as outlined in Indiana Code § 34-11-2-4(b)(1) and (b)(2), Indiana Code § 34-11-6. [DE 30 at 2.]  I.C. 34-11-2-4(b) establishes an exception to the two year statute of

9

limitation for an injury that results from the sexual abuse of a child. Johnson makes no such allegation in his complaint that his child was sexually abused. Section 34-11-6-1 concerns accrual of a cause of action for a person who is legally disabled. But again, there is no allegation his son is legally disabled. What's more, any argument that the statute of limitations has not run regarding the claims of Johnson's son is a non-issue because Johnson has brought these claims himself (not on behalf of his son), and as a pro se plaintiff, Johnson could not in fact maintain a claim on behalf of his son. *Elustra v. Mineo*, 595 F.3d 699, 706 (7th Cir. 2010) (recognizing in a child-party setting, that a pro se person cannot represent their child).

As such, the federal claims against the State Defendants in the amended complaint are barred by the applicable statute of limitations. "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

II.     **Federal Claims Against Cordant**

Cordant claims Johnson's federal claims fail because they are both barred by the applicable statute of limitations and his claims under the 14th Amendment fail because Cordant is not a public entity.

    A.     **Statute of Limitations**

Johnson seems to assert claims against Cordant for violations of Johnson and his

son's rights under the Fourteenth Amendment. Like the claims against the State Defendants, these are barred by the statute of limitations. To the extent Plaintiff asserts a claim against Cordant pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of his rights under the Fourteenth Amendment, those claims are subject to a two year statute of limitations. *Mann v. Arnos*, 186 N.E.3d 105, 115-16 (Ind. Ct. App. 2022). A claim accrues for § 1983 purposes "when the plaintiff knows or should know his or her rights have been violated." *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (internal quotations and citations omitted).

The allegations in the amended complaint conclusively show that they are outside of the statute of limitations. As covered earlier, the initial complaint was filed on July 21, 2025. [DE 1.] The latest incident alleged in the amended complaint was when Cordant allegedly reported a "false positive specimen result," which was allegedly on January 4, 2023. [DE 23 at 11.] Thus, Johnson's claims accrued, at the latest, on January 4, 2023, making his original complaint untimely.

Johnson argues in his reply that his child was in the custody of DCS until August 15, 2023, so his claims are timely. [DE 43 at 2.] But this allegation is not in the amended complaint and even if it were, it does not state that an injury occurred as late as August 15, 2023, it merely states the time his child was in DCS custody.

    **B.    Cordant is Not a Public Entity**

Johnson's claims against Cordant for violations of his due process rights under the Fourteenth Amendment to the United States Constitution at 42 U.S.C. §§ 1983 and

11

1985 are also barred because, as the United States Supreme Court has long held, the Fourteenth Amendment "applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

Johnson does not assert that Cordant is a public entity, or that Cordant was performing functions of a public entity. Because Cordant was not performing functions that are "traditionally the exclusive prerogative of the State," any claim for violation of Plaintiff's due process rights under the Fourteenth Amendment are barred. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). The amended complaint should therefore be dismissed for this additional reason.

## II.     State Claims Against the State Defendants and Cordant

As mentioned earlier in this opinion, it is a little fuzzy, but in addition to the aforementioned federal claims, Johnson may also be trying to bring state claims against the State Defendants under theories such as intentional infliction of emotional distress, negligence, or breach of duty, and state claims against Cordant for negligence. The Court has granted dismissal in favor of the State Defendants and Cordant on Johnson's federal claims, which were the sole basis for federal jurisdiction in this action as the parties are not diverse. [DE 23 at 1.] Therefore, the Court must decide whether to exercise supplemental jurisdiction over Johnson's remaining state law claims.

Upon due consideration, the state law claims are dismissed without prejudice because the federal claims have been dismissed prior to trial. 28 U.S.C. § 1367(c)(3); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law

12

of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."); *see also Williams v. Fort Wayne Police Dep't Officers John/Jane Does*, No. 1:12-CV-202, 2012 WL 6727534, at *3 (N.D. Ind. Dec. 27, 2012).

       *     *     *     *     *     *     *     *     *     *     *

One last note. I do recognize that the Seventh Circuit has instructed when a plaintiff's complaint is dismissed under Rule 12(b)(6) the general rule is to give at least one opportunity to amend the complaint before the action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). While this court typically allows plaintiffs the opportunity to replead, *see Luevano v. Wal-Mart Stores, Inc*, 722 F.3d 1014, 1022 (7th Cir. 2013), it seems futile in this case. First, Johnson already filed an amended complaint after these parties filed a previous round of motions to dismiss and he still has not fixed the shortcomings in his pleading. The federal claims against these defendants are barred by the applicable statute of limitations and are either barred by immunity (in the case of the State Defendants) or the fact that defendant is not a public entity (in the case of Cordant). In short, I see no point to allowing a second amended complaint under these circumstances. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

## Conclusion

The State Defendants Motion to Dismiss [DE 25] and Cordant Health Solutions'

13

Motion to Dismiss [DE 27] are **BOTH GRANTED**. The amended complaint is **DISMISSED** as follows: the **federal claims** are **DISMISSED WITH PREJUDICE** on statute of limitations grounds and for failure to state a claim upon which relief can be granted; and the **state claims** are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **ORDERED to CLOSE** this case.

SO ORDERED.

ENTERED: February 25, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT